**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: DASHON HINES,                                                  121-PF-0006 (GTS)

                               **Respondent.**

_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

      Recently, United States District Judge David N. Hurd found that grounds may exist to enjoin Dashon Hines ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. (*Hines v. Office of Temporary and Disability Assistance*, 1:21-CV-1183, Dkt. No. 6, at 2; *id*., Dkt. No. 3, at 6-10.)

      It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant

> have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court agrees with Judges Hurd that, unless Respondent shows cause otherwise, he should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. As explained by Chief United States Magistrate Judge Andrew T. Baxter's Report-Recommendation of November 5, 2021, a review of Respondent's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between April of 2020 and November of 2021, Respondent filed eleven frivolous actions in this District. (Dkt. No. 3, at 8-9 & n.4.)[1] Furthermore, it appears that Respondent lacked an objective good-faith expectation of prevailing in these actions, which were filed without counsel. (*Id.* at 9.) Moreover, it appears that, through these filings,

---

[1] *See Hines v. Internal Revenue Service*, 5:20-CV-0469 (DNH/ATB) (N.D.N.Y.); *Hines v. TopShelf Management*, No. 5:20-CV-0505 (MAD/ATB) (N.D.N.Y.); *Hines v. NYS Office of Temporary and Disability Assistance Staff*, 1:20-CV-0506 (DNH/ATB) (N.D.N.Y.); *Hines v. Bryant & Stratton College*, 5:20-CV-0507 (LEK/TWD) (N.D.N.Y.); *Hines v. NYS Dept. of Labor Staff*, 20-CV-0517 (DNH/ATB) (N.D.N.Y.); *Hines v. Erie County Dept. Social Services*, 20-CV-0536 (DNH/ATB) (N.D.N.Y.); *Hines v. Dell*, 20-CV-0638 (TJM/ATB) (N.D.N.Y.); *Hines v. NYS Dept. of Labor Staff, et al.*, 21-CV-0600 (DNH/ATB) (N.D.N.Y.); *Hines v. Office of Temporary and Disability Assistance Staff*, 21-CV-0601 (DNH/ATB) (N.D.N.Y.); *Hines v. Office of Temporary and Disability Assistance Staff*, 21-CV-0626 (DNH/ATB) (N.D.N.Y.); *Hines v. Office of Temporary and Disability Assistance*, 21-CV-1183 (DNH/ATB) (N.D.N.Y.).

Respondent has posed an unnecessary burden to the Court. (*Id.*) Finally, it does not appear that any sanction other than an injunction would be adequate to protect the Court from Respondent's insatiable appetite for continued litigation. (*Id*. at 9-10.)

Notwithstanding the overwhelming support for the issuance of a pre-filing order at this time, fairness dictates that first Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[2] and it is further

---

[2] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any action filed by him in state court and either removed to this Court or transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry,* 928 F. Supp.2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, 10-CV-0777, 2012 WL 1193982, at *1, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court.") (relying on

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining him; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated:    December 17, 2021
          Syracuse, New York

*(signature)*
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

*Petrols v. Boos*, 10-CV-0777, Memorandum Opinion and Order, at 9, n.5 [N.D. W. Va. filed Nov. 2, 2010] [Stamp, J.] [reserving "the right to apply this injunction to any suit removed from state court to this Court"]); *Kissi v. Pramco, II, LLC,* 09-CV-0267, 2009 WL 8636986, at *1 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware); *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, 07-CV-1546, 2008 WL 480000, at *3 (E.D. Cal. Feb. 19, 2008) (noting that Central District of California applied its pre-filing injunction to case that had been transferred from the Eastern District of California).